```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:07CV450-MU-02
```

| | |
|---|---|
| **MICHAEL A. ALSTON,**       )<br>    Plaintiff,           )<br>                              )<br>    v.                        )<br>                              )<br> **(FNU) NICKELSON, Classifica-** )<br>   tion Officer at the Meck- )<br>   lenburg County Jail;       )<br> **JIM PENDERGRAPH, Mecklenburg** )<br>   County; and                )<br> **MECKLENBURG COUNTY JAIL,**    )<br>    Defendants.               )<br> _____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 18, 2007. For the reasons stated herein, the instant Complaint will be <u>denied</u> and <u>dismissed</u>.

Briefly, the plaintiff alleges that on April 27, 2007 he "arrived" at the Mecklenburg County Jail. On that same date, the plaintiff was given notice that he had charges pending against him in Richland County, South Carolina. On May 3, 2007, the plaintiff reportedly signed a form, waiving his right to contest extradition to South Carolina. According to the plaintiff, "said waiver gave 10 days for extradition if signed."

In any event, the plaintiff alleges that his North Carolina case was "resolved" on September 28, 2007; and that he spoketo defendant Nickleson on October 6, 2007 and on October 10, 2007,

at which times the defendant told him that South Carolina had been advised of his availability for extradition. However, the plaintiff further claims that on October 8, 2007, his father spoke with an otherwise unidentified person at the Richland County Sheriff's Department and was told that they had not received notification from Mecklenburg County of the plaintiff's availability for extradition. Consequently, the plaintiff filed this Complaint, alleging that the defendants have violated his constitutional rights by subjecting him to "a gross act of deliberate indifference." Suffice it to say, however, the plaintiff has failed to state a claim for relief on the foregoing basis.

To be sure, the plaintiff is attempting to sue the Mecklenburg County Jail. However, it is well established that a municipality cannot be held liable for the constitutional torts of its employees under a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, liability can attach to a municipality only if the plaintiff establishes that the County has a "policy or custom" that was the "moving force" behind his alleged deprivation. Id. at 694; see also McMillian v. Monroe County, 520 U.S. 781 784 (1997).

Because the plaintiff's municipal liability claim is based upon an "inaction theory," he must credibly allege (and ultimately prove), inter alia, the existence of a clear and

2

persistent pattern of failing to alert out-of-state officials of the availability of inmates for extradition.  Here, there is no such allegation, let alone any hint at proof of such a pattern.  Accordingly, this claim cannot be brought against either the County or the County Jail.

Similarly, the plaintiff's Complaint against Sheriff Pendergraph also must fail for well established reasons.  Inasmuch as the plaintiff has not alleged any unlawful pattern or practice for which the Sheriff can be held liable, he cannot assert any municipal liability against this defendant.  See McMillian, 520 U.S. at 783-85.  In fact, the plaintiff has not even bothered to set forth any specific allegations against this defendant.  Thus, there is nothing upon which to base a finding that defendant Pendergraph even was aware of the matter about which the plaintiff is complaining.  Clearly, then, defendant Pendergraph cannot be held liable under any alternate theories, such as deliberate indifference, or supervisory liability.  See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (explaining deliberate indifference theory); and Slaken v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (explaining supervisory liability theory).

Finally, as to defendant Nickleson, the plaintiff also cannot prevail against him.  To begin with, the "deliberate indifference" theory to which the plaintiff points likely is not even applicable to the facts of this case.

3

Nevertheless, presuming that the "notification" which the plaintiff was given on April 27, 2007 was pursuant to section 17 of the Uniform Criminal Extradition Act and/or North Carolina's Uniform Extradition Act (N.C.G.S. §15A-721, et seq.), his rights have not been violated by his continued detention in North Carolina. On the contrary, once South Carolina obtained a warrant from North Carolina's Governor for the plaintiff's arrest and extradition, South Carolina had 60 days from the date given on the warrant in which to take custody of the plaintiff. In any case, however, such 60-day period could not possibly be deemed to have commenced before September 28, 2007--the date on which the plaintiff's North Carolina charges were "resolved" by his convictions for those matters. See N.C.G.S. §15A-739 (permitting North Carolina's Governor, in his discretion, to hold a defendant who is facing extradition to another state until he has been tried, convicted and punished in this State).

Ultimately, therefore, because less than 60 days have passed since the plaintiff's North Carolina charges were resolved, he cannot state a constitutional claim for relief based upon his current detention in North Carolina.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **DISMISSED** in its entirety.

4

**SO ORDERED.**

Signed: October 25, 2007

Graham C. Mullen
United States District Judge